SHELBY COUNTY, Appellee, v. J. D. RAMSEY, Appellant, and HENRY CUSTER v. J. D. RAMSEY, Appellant.

**Boundaries:** ACQUIESCENCE: EVIDENCE. In this action to locate a disputed boundary the evidence is held to show that a certain defined line had been acquiesced in for the statutory period,

*Appeal from Shelby District Court.*—HON. O. D. WHEELER, Judge.

THURSDAY, DECEMBER 15, 1910.

CONTROVERSY over a boundary line between farms. The ·plaintiffs in the two cases brought suits respectively to enjoin interference by the defendant with the partition fences long existing between them and the defendant. After a hearing upon the merits, there was a decree in each case for the plaintiff. Defendant appeals.—*Affirmed.*

*Cullison & Cullison,* for appellant.

*Edward S. White,* for appellees.

EVANS, J.—We are not favored with a plat of the premises, although one appears to have been used in the court below. We are put to some inconvenience by reason of the omission and are driven to inference as to some features of the *locus* involved. We infer that Lincoln township lies immediately west of Center township in Shelby County. Plaintiff, Shelby County, is the owner of the southeast quarter of section 36 in Lincoln township and the northwest quarter of the southwest quarter of section 31 in Center township. The plaintiff, Custer, is the owner of the northeast quarter of the southwest quarter of section 31 in Center township. The defendant is the owner of the land adjoining the plaintiffs on the north. The particular description of defendant's land does not appear in the record. From some statements in the evidence, we infer also that the land of plaintiff, Shelby County, is in one body, and that there is no road on the township line between Lincoln and Center townships. We infer also that there is a north and south highway extending through section 36 on its half-section line, and along

the· west line of said farm.  Both cases were tried by stipulation upon the same evidence and have been brought here in the same way.  The appellant, in argument, concedes that the *Custer* case was properly decided below and we have no occasion to give it any further consideration. In our further discussion of the case, we shall refer to Shelby County as the plaintiff and appellee.  The lands of the plaintiff and the defendant are separated by a fence. This was originally built by the defendant's father more than thirty years ago.  The defendant acquired the land from his parents within the last three or four years.  The plaintiff purchased its land more than twenty years ago and entered immediately into its occupancy and has occupied and used it ever since as a "poor farm."  During all that time it has shared with the defendant's grantor the burden of repairing all partition fences, and has added to their efficiency by making a large part thereof "hog tight."  Its buildings are all located near the north line, but whether in section 36 or 31 we are unable to determine.  Between the buildings and the disputed line a large number of trees consisting of evergreens and catalpas, were planted by the plaintiff more than twenty years ago.  This grove then planted now consists of large trees and extends to within a few feet of the disputed line.  The feed lot and its appurtenances extend up to the line fence.  One double corncrib extends up to such fence and other outbuildings extend close thereto.  The defendant challenges the correctness of the location of this partition fence.  This challenge is based upon a recent survey which was made especially for him or his grantor.  The plaintiff denies the correctness of such survey and claims that the line of the partition fence marks the true boundary in accord with the original government survey and pleads both acquiescence and adverse possession.  The issue between the parties is wholly one of fact.  The only evidence offered by the defendant to controvert the claim of acquiescence is that his

father had frequently claimed that the fence was not on the true line; and that he had sometimes talked of going to law on the question, but had been dissuaded therefrom by the mother. The land was owned by the mother and not by the father. The father, however, acted as agent for the mother.

It is sufficient to say, that the conclusions of the trial court are well sustained by the evidence. We reach the same conclusion quite readily. The evidence offered on behalf of defendant to controvert the claim of acquiescence is unsubstantial. On the other hand, the facts shown in support of the claim are so definite and substantial and undeniable as to be practically conclusive.

Nor are we greatly impressed with the supposed conclusiveness of the recent survey as marking the original government line. The line laid by this survey was not determined by the call of visible monuments upon the ground, nor by evidence as to the location of original government monuments along such course; but it was determined mathematically on the theory that the original government survey must have been mathematically correct. No "middle corner" was found by the surveyor at the east or west lines of either section 31 or section 36, nor was any attention paid to any previous location of a center corner in either section. Measuring from north to south, section 36 was found to overrun in this dimension about six and two-thirds rods. Three and one-third rods of this surplus were awarded by the surveyor to the defendant. The line so established struck the plaintiff's west line about four and one-third rods south of the partition fence. Four previous surveys had been made, including the original government survey. Henry Custer was present assisting at the original government survey in 1853, and was present also at some of the later surveys. He testified that all these surveys laid the line in accord with that of the present partition fence. He was an interested witness, it

is true, but he was strongly corroborated by all the circumstances in the case. If partition lines could be shifted upon the *quantum* of evidence produced by the defendant in this case, then we should enter an era of abundant controversy and litigation over boundary lines. Landowners can not protect monuments forever, nor preserve forever original evidence of their original location.

The decree of the district court is right and it is accordingly *affirmed.*